**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **MELISSA FENDLEY, ET AL.** | § | **PLAINTIFFS** |
| | § | |
| **V.** | § | **1:03CV598LG-RHW** |
| | § | |
| **BILOXI CASINO CORP. D/B/A** | § | |
| **CASINO MAGIC-BILOXI** | § | **DEFENDANT** |

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFFS'**
**MOTION FOR PARTIAL SUMMARY JUDGMENT AND GRANTING**
**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

BEFORE THIS COURT are the Motion of Defendant Biloxi Casino Corporation for

Summary Judgment [37] and the Motion of the Plaintiffs for Partial Summary Judgment [35],

both filed in the above-captioned cause on November 15, 2004.  The parties subsequently filed

responses and rebuttal memoranda.  In this action, filed pursuant to Title III of the Americans

with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.,* the Plaintiff seeks declaratory and

injunctive relief for Defendant's violations of the ADA.  After careful consideration of the

motions, responses, rebuttals, pleadings, summary judgment evidence, briefs and arguments of

counsel, and the relevant legal authority, the Court is of the opinion that Plaintiffs' motion

should be denied, and Defendant's motion should be granted.

FACTS AND PROCEDURAL HISTORY

Plaintiff Melissa Fendley is a paraplegic who relies on a wheelchair for mobility.  She

was involved in an automobile accident 21 years ago which left her paralyzed.  "Other than her

paralysis, Fendley does not suffer from any other physical disabilities."  Def.'s Br. in Supp. of

Mot. for Summ. J., p. 1, filed Nov. 15, 2004.  Plaintiff Access Now, Inc. ("Access Now"), "is

a non-profit corporation organized and existing under the laws of the State of Florida which

seeks to promote accessibility of public accommodations."  Pls.'s Br. in Supp. of Mot. for

Partial Summ. J., p. 3, filed Nov. 15, 2004.  "Fendley is a member of Access Now."  Pls.'s Br.,

p. 3.

      In November or December 2002, Fendley, along with her husband and two friends,

Vicki Smitherman and Kim Henderson, visited Casino Magic in Biloxi, Mississippi, which is

owned by Defendant Biloxi Casino Corporation.  Prior to the trip, Smitherman made

reservations and requested a wheelchair accessible room for Fendley and her husband.

According to Fendley, during their stay at Casino Magic, Fendley "encountered numerous

barriers to access," both in her guest room and in other areas of Casino Magic.  Pls.'s Br., p. 4.

Those barriers included that the shower/tub had no fixed bench; there was insufficient space

for her to maneuver her wheelchair around the bed; the thermostat was placed too high; the

flush valve in the guest room bathroom was out of her reach; the counters throughout Casino

Magic were too high for her to reach; the public telephones were inaccessible; the aisles in the

gift shop were too narrow to provide wheelchair access; the mirror in the public restroom was

too high; she had difficultly reaching the side grab bar on the toilet stall; the tables in the pool

area were inaccessible by wheelchairs; and the weight machine in the weight room was

inaccessible.  Pls.'s Br., pp. 4-5.

      The "Plaintiffs retained Gilbert Mobley, Jr., of Tcherneshoff Consulting, Inc., to inspect

the Casino for ADA compliance."  Pls.'s Br., p. 5.  After conducting an inspection of Casino

Magic, Mobley concluded that Casino Magic had "numerous barriers to access for individuals

with disabilities at the subject Casino, [and] the Casino did not meet the guidelines provided in

the ADAAG (ADA Accessibility Guidelines for Buildings and Facilities)."  Pls.'s Br., p. 6.

On June 24, 2003, the Plaintiffs filed their complaint in this court.  The Plaintiffs filed an amended complaint on September 2, 2003, requesting injunctive and declaratory relief.  The parties filed cross motions for summary judgment on November 15, 2004.  The Plaintiffs seek partial summary judgment regarding the barriers to access "discovered during Plaintiffs' limited inspection."[1]  Pls.'s Mot. for Partial Summ. J., p. 2, filed Nov. 15, 2004.  In Defendant's motion, the Defendant contends that the Plaintiffs lack standing and their claims should be dismissed accordingly.  In addition, the Defendant contends that Plaintiff Fendley has failed to establish that "she was denied access due to the architectural barriers she allegedly encountered."  Def.'s Br. in Supp. of Mot. for Summ. J., p. 8, filed Nov. 15, 2004.

<u>DISCUSSION</u>

FED. R. CIV. P. 56 permits any party to a civil action to move for a summary judgment upon a claim, counterclaim, or cross-claim as to which there is no genuine issue of material fact and upon which the moving party is entitled to prevail as a matter of law.  In effect, Rule 56(c) provides that as a matter of law, upon admitted or established facts, the moving party is entitled to prevail.  Summary judgment "is not a catch penny contrivance to take unwary litigants into its toils and deprive them of a trial, it is a liberal measure, liberally designed for arriving at the truth.  Its purpose is not to cut litigants off from their right of trial by jury if they really have evidence which they will offer on a trial, it is to carefully test this out, in advance of trial by inquiring and determining whether such evidence exists." *Whitaker v. Coleman,* 115 F.2d 305, 307 (5th Cir. 1940).  A party seeking summary judgment bears the initial burden of

---

[1]The Plaintiffs contend that their expert was allowed only limited access to inspect Casino Magic.  By a separate motion, the Plaintiffs sought a full inspection of Casino Magic.

identifying those portions of the pleadings and discovery on file, together with any affidavits, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). Once the movant carries its burden, the burden shifts to the non-movant to show that summary judgment should not be granted. *Id.* at 324-25, 106 S.Ct. at 253-54. The non-moving party may not rest upon mere allegations or denials in its pleadings, but must set forth specific facts showing the existence of a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256-57, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986).

## DO THE PLAINTIFFS HAVE STANDING?

The Court must first address the issue of standing because if the Plaintiffs do not have standing, this Court lacks jurisdiction to consider their claims. *Comsat Corp. v. F.C.C.*, 250 F.3d 931, 935 (5th Cir. 2001), *quoting Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 94, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998) (a party's standing must be addressed first because "[w]ithout jurisdiction the court cannot proceed at all in any cause") (quoting *Ex parte McCardle,* 7 Wall. 506, 514, 19 L.Ed. 264 (1868)) (opinion of Scalia, J.). "As with all questions of subject matter jurisdiction except mootness, standing is determined as of the date of the filing of the complaint." *Carr v. Alta Verde Indus., Inc.*, 931 F.2d 1055, 1061 (5th Cir. 1991). The Court "may not 'speculate concerning the existence of standing or piece together support for the plaintiff.'" *Shotz v. Cates,* 256 F.3d 1077, 1081 (11th Cir. 2001) (citation omitted).

*Melissa Fendley:*

The parties agree that "individual plaintiffs can satisfy their constitutional requirement

of standing by demonstrating that: (1) they have suffered an actual or threatened injury; (2) the injury is 'fairly traceable' to the defendant's action; and (3) the injury will likely be redressed if the plaintiffs prevail in the lawsuit." *Texans United for a Safe Econ. Educ. Fund v. Crown Cent. Petroleum Corp.* 207 F.3d 789, 792 (5th Cir. 2000), *citing Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992); *Friends of the Earth, Inc. v. Crown Central Petroleum*, 95 F.3d 358, 360 (5th Cir.1996). Clearly, "[d]iscrimination suffered in violation of the ADA is an injury sufficient to give rise to an Article III case or controversy." *Access Now, Inc. v. South Fla. Stadium Corp.*, 161 F.Supp.2d 1357, 1364 (S.D. Fla. 2001) (citation omitted). "In ADA cases, . . . a plaintiff lacks standing to seek injunctive relief unless he alleges facts giving rise to an inference that he will suffer future discrimination by the defendant." *Shotz*, 256 F.3d at 1081.

According to Casino Magic, the individual Plaintiff, Melissa Fendley, lacks standing because she did not allege in her complaint that she had definite plans to return to Casino Magic. Therefore, Casino Magic argues, Fendley has not alleged "'a real and immediate–as opposed to a merely conjectural or hypothetical–threat of future injury.'" Def.'s Br. in Supp. of Mot. for Summ. J., p. 8, *quoting Wooden v. Bd. of Regents of Univ. Sys. of Ga.*. 247 F.3d 1262, 1284 (11th Cir. 2001).

Fendley contends that she has met her burden because her complaint indicated an intent to return to Casino Magic. Fendley contends that her intent to return is also supported by her affidavit which indicates that she has definite plans to return to Casino Magic the weekend of March 26, 2005. *See* Affid. of Melissa Fendley, ¶ 3., dated Nov. 11, 2004, att. as Ex. B, Pls.'s Mot. for Partial Summ. J. For these reasons, she contends that she has standing to pursue her

claims.

As noted above, standing is determined at the time of the filing of the complaint.  In the

Plaintiffs' amended complaint, Fendley alleged that she "continues to desire to visit the

Defendant's premises but continues to be denied full and safe access due to the violations

which continue to exist."  Pls.'s Am. Compl. ¶ 3., filed Sept. 2, 2003.  "Such 'some day'

intentions--without any description of concrete plans, or indeed even any specification of *when*

the some day will be-- do not support a finding of the 'actual or imminent' injury that our cases

require."  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 564, 112 S.Ct. 2130, 2138, 119 L.Ed.2d

351 (1992).  Because Fendley had no definite plans to return to Casino Magic at the time that

she filed her complaint, she cannot establish "a real or immediate threat of future

discrimination."  *Shotz*, 256 F.3d at 1081.  Therefore, Fendley cannot establish that she has

standing.  Fendley's affidavit, filed over fourteen months after the complaint was filed, is

simply irrelevant insofar as standing is concerned.  "'Belated efforts to bolster standing

[therefore] are futile.'"  *Brother v. Tiger Partner, LLC*, 331 F.Supp.2d 1368, 1373-74 (M.D.

Fla. 2004). (citations omitted).  Having concluded that Fendley cannot establish one of the

necessary elements to establish standing, the Court need not address the remaining elements.

Because Fendley does not have standing, this Court lacks jurisdiction over her claims.

*Access Now, Inc.:*

The parties agree that the Court must apply the following test to determine whether an

association has standing to bring a claim on behalf of its members:

> [A]n association has standing to bring suit on behalf of its members when: (a) its
> members would otherwise have standing to sue in their own right; (b) the interests it
> seeks to protect are germane to the organization's purpose; and (c) neither the claim

asserted nor the relief requested requires the participation of individual members in the lawsuit.

*Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 343, 97 S.Ct. 2434, 2441, 53 L.Ed.2d 383 (1977); *see also Texans United for a Safe Econ. Educ. Fund v. Crown Cent. Petroleum Corp.*, 207 F.3d 789, 792 (5th Cir. 2000).

Casino Magic contends that Plaintiff Access Now does not have standing because it cannot establish two of the three requisite elements.  According to Casino Magic, Access Now cannot establish the first element because Fendley does not have standing.  In addition, Casino Magic argues that Access Now cannot establish the third element because the claim clearly requires participation of individual members in the lawsuit. In other words, individual member participation is required to prove an ADA violation.  Def.'s Br. in Supp. of Mot. for Summ. J., filed Nov. 15, 2004, *citing Concerned Parents to Save Dreher Park v. City of W. Palm Beach*, 884 F.Supp. 487, 488 (S.D. Fla. 1994) (other citation omitted).  Access Now, as discussed above, claims that Fendley does have standing.  In addition, Access Now contends that it is not required to establish the third element, citing *United Food & Commercial Worker's Union Local 751 v. Brown Group, Inc.*, 517 U.S. 544 (1996), in which the Court noted that "'the third prong of the associational standing test is best seen as focusing on these matters of administrative convenience and efficiency, not on elements of a case or controversy within the meaning of the Constitution.'"  Pls.'s Resp. Br., p. 6, *quoting United Food*, 517 U.S. at 557.

The Court determined above that Fendley does not have standing.  Like Fendley, Access Now alleges in the complaint that its members continue to desire to visit Casino Magic.  Also like Fendley, Access Now did not allege that any of its members have a definite plan to

return.  Because Access Now did not allege that any of its members has a definite plan to

return to Casino Magic, Access Now cannot establish that any of its members has standing to

sue in his or her own right.  For this reason, Access Now has not established one of the

necessary elements.  Having determined that one of the requisite elements has not been

established, the Court need not consider whether Access Now has established the other two.

Because Access Now does not have standing, this Court lacks jurisdiction over Access Now's

claims.  Therefore, having concluded that neither of the Plaintiffs has standing, the Plaintiffs'

Motion for Partial Summary Judgment should be denied, and the Defendant's Motion for

Summary Judgment should be granted.

**IT IS THEREFORE ORDERED AND ADJUDGED**, that for the reasons cited above,

the Plaintiffs' Motion for Partial Summary Judgment [35] should be and is hereby **DENIED.**

**IT IS FURTHER ORDERED AND ADJUDGED**, that for the reasons cited above, the

Defendant's Motion for Summary Judgment [37]  should be and is hereby **GRANTED.**

**SO ORDERED AND ADJUDGED** this the 10th day of February 2005.

> s/ Louis Guirola, Jr.
> LOUIS GUIROLA, JR.
> UNITED STATES DISTRICT JUDGE